UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MICHAEL NALL, *et al*, §
§
    Plaintiffs, §
VS. § CIVIL ACTION NO. 4:14-CV-2819
§
BNSF RAILWAY COMPANY, *et al*, §
§
    Defendants. §

**OPINION AND ORDER**

Pending before the Court is Defendant BNSF Railway Company's[1] Motion to Dismiss. Doc. 18. Having considered the motion, response, reply, the facts in the record, and the applicable law, the Court concludes the motion should be **GRANTED** and the two claims dismissed.

**I.    Background**

On May 30, 1973, Plaintiff Michael Nall ("Nall") became an employee of BNSF. Nall alleges based on his employment he has received medical, prescription, dental, and vision benefits (collectively, "welfare benefits") subject to the Employee Retirement Insurance Security Act (ERISA) of 1974, 29 U.S.C. §18 (2006). Doc. 15 ¶ 48. Plaintiff Flora Nall ("Mrs. Nall") is his wife and a beneficiary of his welfare benefit plan. Doc. 15 ¶ 4. The previously dismissed defendants in this suit administer the ERISA welfare benefit plan.

In late 2010, Nall was diagnosed with Parkinson's disease. He "temporarily went on medical leave but quickly went back to work." Doc. 15 ¶ 15. On April 11, 2012, BNSF involuntarily placed him on medical leave, because he was "allegedly observed having difficulty getting on and off engines as a result of stumbling as well as displaying a lack of concentration

---

[1] Plaintiffs have voluntarily dismissed all other defendants. Doc. 14.

when receiving mandatory directives from dispatchers." Doc. 15 ¶ 17. Nall alleges he was evaluated by his doctors nine times between May 2012 and April 2013 and determined to be able to work. Doc. 15 ¶¶ 20–38. On May 24, 2012, BNSF informed Nall it needed more information from his doctors before allowing him to return to work. Doc. 15 ¶ 22. On August 16, 2012 BNSF acknowledged receiving Nall's doctors' evaluations, yet "arbitrarily and unilaterally" decided he still could not return to work. Doc. 15 ¶ 28. On November 2, 2012, BNSF's Manager of Environmental Health told Nall that "BNSF had no plans ever to let him return to work and that the forms sent to doctors to complete were just being sent out as a courtesy." Doc. 15 ¶ 31. On two occasions, she asked Nall if he was "ready to retire." Doc. 15 ¶¶ 31–32. On September 21, 2012, Nall underwent an onsite evaluation. BNSF reported, "we have determined that you are not at a point in your recovery to safely return to work at this time." Doc. 15 ¶ 29. BNSF also reported Nall violated safety rules during the evaluation. Doc. 15 ¶ 36. On January 30, 2013, BNSF informed Nall he was medically disqualified from working, effective July 2, 2013. Doc. 15 ¶ 39.  BNSF also informed the Railroad Retirement Board on five occasions between May 2012 and February 2014 that Nall "apparently needed to be placed on disability leave." The Railroad Retirement Board sent five letters to Nall requesting that he apply for disability and/or sickness benefits. Doc. 15 ¶ 43.

      BNSF continued to contribute to Plaintiffs' welfare benefits until 2014. Doc. 15 ¶ 48. In late 2013, Plaintiffs received their annual enrollment package regarding their coverage for 2014. According to this enrollment package, Plaintiffs did not need to submit anything in order to continue their coverage for 2014. Plaintiffs relied on this notification and assumed that their welfare benefits would continue on just as in the past. Doc. 15 ¶ 50. In late January 2014, Mrs. Nall went to see a chiropractor. Soon after, she received a bill from the chiropractor notifying her

that she had no medical coverage. Surprised at this notification, Mrs. Nall contacted BNSF and was told that all of Plaintiffs' welfare benefits had ended on December 31, 2013. Doc. 15 ¶ 51. Furthermore, BNSF has informed Plaintiffs that Mr. Nall's medical and prescription coverage will end after December 31, 2014. Doc. 15 ¶ 53.

## II.     Legal Standard

"To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Factual matter is limited to "documents attached to or incorporated in the complaint and matters of which judicial notice may be taken." *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).

## III.    Discussion

After previous dismissals of Claims "B" (failure to accommodate), "E" (Retaliation and/or Interference with ERISA rights under 29 U.S.C. §1140 ), and "G" (negligent misrepresentation), Plaintiffs assert the following claims against BNSF: "A" (disability discrimination), "C" (age discrimination) "D" (retaliation under ADA, ADEA, and the Texas Labor Code) and "F" (ERISA-Estoppel).  The pending motion to dismiss only addresses claim "F" ERISA Estoppel under  29 U.S.C. § 1140.

The elements under an ERISA estoppel claim are: "(1) a material misrepresentation; (2) reasonable and detrimental reliance upon the representation; and (3) extraordinary circumstances." *Mello v. Sara Lee Corp.,* 431 F.3d 440 (5th Cir. 2005). Plaintiffs cannot prevail on an ERISA-estoppel claim based on "simple ERISA reporting errors or disclosure violations." *Khan v. Am. Intern. Group, Inc.*, 654 F. Supp. 2d 617, 629 (S.D. Tex. 2009) (quoting *Burstein v.*

*Retirement Account Plan for Employees of Allegheny Health Educ. & Research Foundation,* 334 F.3d 365, 383 (3d Cir. 2003))."Material misrepresentations [require] a substantial likelihood that a reasonable employee would be misled about making adequately informed decisions by employer's benefits statements' errors." *Mello,* 431 F.3d at 440.

In regard to material misrepresentation, Plaintiffs allege, "BNSF represented to Plaintiffs (directly or indirectly based on information it provided to Plaintiffs' insurance provider), prior to January 1, 2014, that their welfare benefits would continue as is into 2014. Plaintiffs relied on these representations. These representations turned out to be false." Doc. 15 ¶ 80. "In late 2013, Plaintiffs received their annual enrollment package regarding their coverage for 2014 . . . According to this enrollment package, Plaintiffs did not need to submit anything in order to continue their coverage for 2014." Doc. 15 ¶ 50. Plaintiffs also allege, "It appears BNSF may have either instructed Plaintiffs' insurance provider to no longer continue Plaintiffs' benefits or provided false information to their insurance provider that it relied upon to adversely affect Plaintiffs' benefits." Doc. 15 ¶ 51. Here, Plaintiffs do not allege facts that would show how BNSF's statement regarding coverage in the plan brochure was a material misrepresentation made or sent by BNSF in the enrollment package.

In regard to reliance, Plaintiffs allege the enrollment package represented that "Plaintiffs did not need to submit anything in order to continue their coverage for 2014. Plaintiffs relied on this notification to assume that their welfare benefits would continue on just as in the past." Doc. 15 ¶ 50. Plaintiffs do not allege additional facts suggesting their welfare benefits would continue.

In regard to extraordinary circumstances, Plaintiffs have failed to allege "'egregious circumstances' amounting to bad faith, active concealment, or fraud*." High v. E-Sys. Inc.,* 459 F.3d 573, 580 n.3 (5th Cir. 2006) (listing "case illustrations"); *Burstein v. Ret. Account Plan for*

*Emps. of Allegheny Health Educ. & Research Found.*, 334 F.3d 365, 383 (3d Cir. 2003) (noting that extraordinary circumstances generally involve "acts of bad faith on the part of the employer, attempts to actively conceal a significant change in the plan, or commission of fraud."); *Smith v. Hartford Ins. Grp.*, 6 F.3d 131, 142 (3d Cir.1993) (extraordinary circumstances shown by "repeated oral and written misrepresentations" and plaintiff's "diligence in attempting to obtain accurate answers").

In regard to extraordinary circumstances, Plaintiffs merely recite an allegation that "BNSF acted in bad faith and/or misled plaintiffs." Doc. 15 ¶ 83. Plaintiffs further allege: "because Mr. Nall's disease requires medication and frequent doctor's visits, and the fact that Mrs. Nall spent all of 2013 without health insurance, Plaintiffs have accordingly alleged that extraordinary circumstances exist and/or that Mr. Nall is especially vulnerable." Doc. 22 at 3-4. Plaintiffs have failed to allege extraordinary circumstances.

For the foregoing reasons, it is hereby **ORDERED** that Defendant's Motion to Dismiss claim "F" ERISA-Estoppel (Doc. 18), is **GRANTED**.

SIGNED at Houston, Texas, this 16th day of September, 2015.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE