UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL NALL, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-02819 |
| | § | |
| BNSF RAILWAY COMPANY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court in the above-referenced cause are Defendant BNSF Railway Company's ("BNSF") Bill of Costs, Doc. 60, and Plaintiffs' Objections to Bill of Costs ("Plaintiff's Objections"), Doc. 62. Having considered the filings and relevant law, the Court overrules Plaintiffs' Objections except with regard to the sum of $148.00 for shipping and delivery fees. BNSF's Bill of Costs is granted in all other respects.

**I.      Background**

In an Opinion and Order dated February 14, 2017, this Court granted Defendant BNSF's Motion for Summary Judgment. Doc. 57. Accordingly, judgment was entered in favor of BNSF and it was awarded costs in an amount to be determined after submission of a Bill of Costs. Doc. 58. On February 24, 2017, BNSF filed its pending Bill of Costs in which it seeks reimbursement for $7,300.63 in fees. Doc. 60. On March 1, 2017, Plaintiffs filed their Objections to the Bill of Costs, Doc. 62, and BNSF responded on March 13, 2017, Doc. 64.

**II.     Legal Standard**

Under Federal Rule of Civil Procedure 54(d), "[u]nless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Pursuant to 28 U.S.C.

§ 1920, the only costs that may be taxed are:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Allowable costs are limited to these categories, and expenses that are not authorized by statute or contract must be borne by the party incurring them. *See Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993) ("district court may decline to award costs listed in the statute but may not award costs omitted from the list.").

"If the party being taxed does not specifically object to a cost, the presumption is that the cost was necessarily incurred for use in the case and will be taxed." *Kirk v. Invesco, Ltd.*, No. CV H-15-833, 2017 WL 1078763, at *1 (S.D. Tex. Mar. 22, 2017) (citing *Baisden v. I'm Ready Prods., Inc.*, 793 F. Supp. 2d 970, 973 (S.D. Tex. 2011)). "However, once an objection has been raised, the party seeking costs bears the burden of verifying that the costs were necessarily incurred in the case rather than just spent in preparation and litigation of the case." *Baisden*, 793 F. Supp. 2d at 973 (citing *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991)). Ultimately, the court has discretion to determine the appropriateness of awarding costs to the prevailing party. *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377, 133 S. Ct. 1166, 1172–73, 185 L. Ed. 2d 242 (2013); *Matter of ENSCO Offshore Co.*, No. CV H-09-2838, 2017 WL 631936, at

*1 (S.D. Tex. Feb. 16, 2017) (citing *Baisden*, 793 F. Supp. 2d at 973). Nevertheless, the rule "contains a strong presumption that the prevailing party will be awarded costs." *Id.* (citing *Baisden*, 793 F. Supp. 2d at 973).

## III. Analysis

### A. Depositions

Plaintiffs argue that the costs for deposition transcripts of the witnesses who were noticed/deposed by Nall should not be allowed because those individuals were BNSF employees (or former employees) and were controlled by BNSF. Doc. 62 at 2. Specifically, Plaintiffs point to the depositions of Sharon Clark, Kim Cummings, Laura Gillis, Carol Wilks, Kyle James, Jonathan Gomez, Mary Couey, and Dana Joseph. *Id.* Because Nall's counsel took those depositions and "these witnesses would have apparently testified at live trial," Plaintiffs ask for a $4,580.80 reduction in fees. *Id.*

Plaintiffs' argument is not new. *See, e.g.*, *Baisden*, 793 F. Supp. 2d at 976 (objecting to costs for the depositions of individuals controlled by prevailing party and expected to testify live at trial). However, whether a deponent is controlled by the prevailing party or will testify live is not dispositive to recovery.

Prevailing parties are entitled to recover the costs of original depositions and copies provided they were "necessarily obtained for use in the case." *Fogleman*, 920 F.2d at 285–86. Whether the deposition was actually used is irrelevant. *Id.* "If, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party." *Id.* (citations omitted). Likewise, "a deposition copy obtained for use during trial or for trial preparation, rather than for the mere convenience of counsel, may be included in taxable costs." *Id.* (citations omitted).

"Whether a deposition or copy was necessarily obtained for use in the case is a factual determination to be made by the district court." *Id.* (citations omitted).

Admittedly, a party is ordinarily "not entitled to recover costs for a copy of the deposition of a witness under its or a co-defendant's control." *Spear Mktg., Inc. v. Bancorpsouth Bank*, No. 3:12-CV-3583-B, 2016 WL 193586, at *13 (N.D. Tex. Jan. 14, 2016), *aff'd*, 844 F.3d 464 (5th Cir. 2016) (citing *Interstate Contracting Corp. v. City of Dallas*, No. 3:98-CV-2913-M, Doc. 298, at *4–5). However, courts do allow for costs of depositions of a party's own witnesses if the opposing party noticed and took the deposition. *Id.* (citing *Petri v. Kestrel Oil & Gas Props., L.P.*, No. H-09-3994, 2013 WL 265973, at *8 (S.D. Tex. Jan. 17, 2013)).

With the exception of Mary Couey and Kim Cummings, BNSF cited every objected-to deposition in its Motion for Summary Judgment. *See* Doc. 39. Moreover, it is entirely reasonable for BNSF to have assumed that transcripts of the depositions noticed by Plaintiffs would be necessary to properly prepare its case. *See, e.g.*, *United States ex rel. King v. Solvay S.A.*, No. CV H-06-2662, 2016 WL 3523873, at *5 (S.D. Tex. June 28, 2016) (reasonable for prevailing party to recover costs for depositions noticed by opposing party in order to prepare its case); *Petri*, 2013 WL 265973, at *9 (same). Accordingly, the Court concludes that the depositions were necessarily obtained for trial preparation.

Turning to the next question, Gillis and Clark were listed in an excerpt from BNSF's Designation of Expert Witnesses, Doc. 47-6, but it is not clear whether the remaining individuals to whom Plaintiffs object were BNSF witnesses. Nevertheless, Plaintiffs admit that each of the objected-to depositions were noticed and deposed by Plaintiffs. Doc. 62 at 2. Thus, even if every objected-to deponent is a BNSF witness, BNSF may still recover those costs. *See Spear Mktg.*, 2016 WL 193586, at *13. Plaintiffs' objections to the deposition fees are, therefore, overruled.

## B. Other Objections

Plaintiffs object to a number of other figures BNSF included in its Bill of Costs. The Court addresses each objection in turn.

### 1. *Fees for Clark's video deposition*

Although Plaintiffs concede that "recovery of video depositions may now be recoverable," they challenge the necessity of Clark's video deposition to Defendants because "it was Nall who noticed her deposition and had it videotaped." *Id.*

28 U.S.C. § 1920(2) authorizes "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." Thus, in order to recover these fees, the prevailing party must demonstrate necessity. *Fogleman*, 920 F.2d at 285. This includes the cost for videotaped depositions. *Baisden*, 793 F. Supp. 2d at 976. Notwithstanding the statute's use of "or" between "printed" and "electronically recorded," the majority of courts have concluded that the "or" is inclusive and prevailing parties may recover fees for both as long as both copies were "necessarily obtained for use in the case." *See, e.g.*, *Williams v. J.B. Hunt Transp., Inc.*, No. 4:13-CV-02510, 2016 WL 4445442, at *2 (S.D. Tex. Aug. 24, 2016) (collecting cases); *DietGoal Innovations LLC v. Chipotle Mexican Grill, Inc.*, No. 2:12-CV-00764WCBRSP, 2015 WL 164072, at *2 (E.D. Tex. Jan. 13, 2015) (collecting cases); *Allstate Ins. Co. v. Plambeck*, 66 F. Supp. 3d 782, 789 (N.D. Tex. 2014). Importantly, a recording, like a deposition transcript, "need not be introduced into evidence at trial in order to be 'necessarily obtained for use in the case.'" *Fogleman*, 920 F.2d at 285. "If, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party." *Id.*

"Determination of whether such copies are reasonably necessary is made by the trial

court." *Baisden*, 793 F. Supp. 2d at 977 (citations omitted). "If the district court determines that both the transcript and videotaped deposition are necessary, it may award costs for both. *Williams*, 2016 WL 4445442, at *2 (citations omitted). "One way a cost claimant may demonstrate that the videotaped deposition is not duplicative of the transcript is by arguing that the videotaped deposition captures both verbal and nonverbal communication that is necessary to question the witness' credibility at trial." *Id.* (citing *Farnsworth v. Covidien, Inc.*, No. 4:08-CV-01689 ERW, 2010 WL 2160900, at *2 (E.D. Mo. May 28, 2010)).

In this case, BNSF argues that "[b]ecause a video deposition of Dr. Clark was taken by Plaintiffs, it was necessary for BNSF to have a copy to anticipate the manner in which Plaintiffs may have used the video recording in preparation for trial and prepare accordingly." Doc. 64 at 4. Considering that BNSF listed Clark as an "expert witness," Doc. 47-6, no doubt Plaintiffs studied (or planned to study) Clark's video in preparation for trial and may have planned to introduce portions of the video at trial. That BNSF believed it was necessary for it too to be aware of what was contained in the video in order to prepare for trial is, therefore, reasonable. *See, e.g.*, *Plambeck*, 66 F. Supp. 3d at 792 (authorizing the plaintiffs' recovery of video deposition fees for depositions noticed by losing defendants because plaintiffs' explanation that they obtained copies so they could be prepared in case any of the video was presented by defendants at trial demonstrated that "at the time that these video recordings were made, the video recordings could reasonably be expected to be used during trial or for trial preparation.").

### 2. *Fees for duplicate deposition copies*

Plaintiffs' next object to the costs assessed for duplicate transcripts (both hard copies and electronic versions). Doc. 62 at 2. Plaintiffs argue that BNSF "has not explained why it needed both an electronic and hard copy version of the deposition transcripts." *Id.*

While the argument that both video and hard copy versions of transcripts are unnecessarily duplicative and, thus, a party cannot recover for both is quite common, the separate, but related question of whether a party can recover costs for both printed and electronic copies of a transcript "does not appear to have arisen with any frequency." *DietGoal*, 2015 WL 164072, at *3. Nevertheless, in addressing the latter question, the Eastern District of Texas recently stated that "[t]he argument for necessity . . . is not nearly as strong in the case of printed and electronic copies of the same deposition transcript, which are simply duplicate copies of the same document in different format." *Id.* at *4.

This Court respectfully disagrees. As with written and video deposition copies, printed and electronic copies serve different functions. Here, BNSF argues that it "needed electronically searchable transcripts for efficient motion practice and review of testimony in preparation for trial and thus needed to order electronic versions of the transcripts." Doc. 64 at 5. The ability to quickly and efficiently search an electronic document rather than torturously dig through a hard copy transcript cannot be discounted. When dealing with mountains of deposition testimony, searchable electronic copies are not only a convenience, but, indeed, a necessity. Plaintiffs' objection to these costs is, therefore, overruled.

### 3. *Shipping & delivery fees for the deposition transcripts*

Plaintiffs also object to BNSF's original request for $148.00 in fees for the mailing and delivery of the transcripts. Doc. 62 at 2. In response, BNSF withdraws its request for these costs. Doc. 64. Because the parties are in agreement and "[c]osts for mail services have consistently been disallowed on the grounds that these expenses are only for the convenience of the attorney," *Feld Motor Sports, Inc. v. Traxxas, LP*, No. 4:14-CV-543, 2016 WL 2758183, at *20 (E.D. Tex. May 12, 2016) (quoting *Stoffels v. SBC Comm'ns, Inc.*, No. SA-05-CV-0233-XR, 2012 WL

2122191, at *3 (W.D. Tex. June 11, 2012) and citing *Mota v. The Univ. of Tex. Hous. Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001)), the Court disallows these fees.

### 4. *Incidental fees related to the depositions*

Plaintiffs next object to BNSF's inclusion of a number of fees associated with, but in addition to, the deposition fees. Doc. 62 at 2–3. BNSF responds that these charges "were charged by the court reporter Plaintiffs selected in connection with the depositions they noticed." Doc. 64 at 5. Thus, BNSF argues that "the only way it could obtain those transcripts was to pay the court reporter's fees. *Id.* It also points out that it does not seek these types of costs in connection with the depositions of the Plaintiffs that it noticed and for which it chose the court reporter. *Id.*

"Recovery of incidental expenses related to depositions is generally not recoverable." *Feld Motor Sports*, 2016 WL 2758183, at *20 (citing *Halliburton Energy Servs., Inc. v. M-I, LLC*, 244 F.R.D. 369, 372 (E.D. Tex. June 20, 2007); *Fogleman*, 920 F.2d at 285; *Hoffman v. L&M Arts*, No. 3:10-cv-0953-D, 2015 WL 1000864, at *8 (N.D. Tex. Mar. 6, 2015)). However, administrative fees for depositions, court reporter fees, and fees for scanning copies of exhibits are recoverable if necessary for the case. *See, e.g.*, *Spear Mktg.*, 2016 WL 193586, at *15; *Coffin v. Blessey Marine Services, Inc.*, No. CIV.A. H-11-0214, 2015 WL 409693, at *6 (S.D. Tex. Jan. 29, 2015) (holding that exhibit scanning and court reporter fees are recoverable if necessity is demonstrated). Nevertheless, "[t]he burden is on the party seeking recovery of costs to show what portion of a particular invoice is recoverable." *Hoffman*, 2015 WL 1000864, at *8 (quoting *Halliburton Energy Servs., Inc.*, 244 F.R.D. at 372). "When the party fails to meet this burden, the court can disallow all costs and limit the recovering party to the basic transcript charge, where those charges are itemized." *Id.* (quoting *Halliburton Energy Servs., Inc.*, 244 F.R.D. at 372–73).

The contested fees in this case are labeled as "Administrative Fee – Court Reporting," "Exhibit Scanning – OCR-PDF," and "TotalTranscript CD." Doc. 60-1 at 5, 7. Each of these fees is associated with and shares the same date as the transcript to which it attaches. Doc. 60-1 at 5, 7. Thus, it can be reasonably assumed that the exhibits, like the depositions that they are associated with, were used for trial preparation, making them necessary. Moreover, because the court-reporting and "TotalTranscript CD" fees are sought in conjunction with the transcripts, the Court has already held that electronic and printed copies of the transcripts are recoverable, and BNSF explains that the transcripts could not be obtained without the payment of these court-reporter-assessed fees, these fees can also reasonably be considered to be "necessary for the case."[1]

### C. Court's Discretion

Finally, Plaintiffs ask this Court to "exercise its discretion to further reduce the amount of costs awarded" on the basis of Nall's 40-year service record with BNSF, the Court's acknowledgement of a number of facts in Nall's favor in its prior Opinion and Order granting BNSF's Motion for Summary Judgment, and EEOC findings that were favorable to Nall. Doc. 62 at 3. Plaintiffs cite no authority in support of this request other than a general rule that "the decision whether to award costs ultimately lies within the sound discretion of the district court." *See id.* (citing *Marx*, 133 S. Ct. at 1172). While this is true, the law is equally clear that "Rule 54(d)(1) contains a strong presumption that the prevailing party will be awarded costs." *Pacheco v. Mineta*, 448 F.3d 783, 793–94 (5th Cir. 2006) (citing *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985)).

---

[1] *Contra DietGoal*, 2015 WL 164072, at *4 (concluding that litigation CDs are incidental costs not recoverable in addition to deposition transcripts); *Structural Metals, Inc. v. S & C Elec. Co.*, No. SA-09-CV-984-XR, 2013 WL 3790450, at *4 (W.D. Tex. July 19, 2013) (same).

Although some courts have recognized limited exceptions to this presumption, *see Petri*, 2013 WL 265973, at *3 n.6 (citing *Pacheco*, 448 F.3d at 794), Plaintiffs fail to cite any specific, binding justification in support of their argument and the Court is aware of none. Whether Nall was a valued employee for nearly 40 years or brought his case in good faith based on favorable facts is irrelevant. As the Fifth Circuit has made abundantly clear, "the losing party's good faith is alone insufficient to justify the denial of costs to the prevailing party." *Pacheco*, 448 F.3d at 795. Accordingly, Plaintiffs' request for further fee reduction on this ground is denied.

### IV. Conclusion

For the foregoing reasons it is hereby

**ORDERED** that Plaintiffs' Objections, Doc. 62, is **DENIED IN PART**. Accordingly, BNSF's Bill of Costs, Doc. 60, is **GRANTED** with the exception of $148.00 in shipping and delivery fees. Accordingly, BNSF is entitled to recover 7,152.63 from Plaintiffs.

SIGNED at Houston, Texas, this 6th day of September, 2017.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE