IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FLORA NALL, | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-02819 |
| BNSF RAILWAY COMPANY, *et al*, | § | |
| Defendants. | § | |

## ORDER

### I. Introduction

Before the Court are Defendant BNSF Railway Company's ("BNSF") unopposed Motion for Leave to File Motion for Judgment on the Pleadings [ECF No. 84] and its Motion for Judgment on the Pleadings Based on Non-Survivability of the Remaining Claims [ECF No. 85]. Plaintiff Flora Nall, the widow of Michael Nall ("Nall"), has filed a Response to Motion for Judgment on the Pleadings in opposition [ECF No. 93]. Having considered the motions, responses, and the relevant law, the Court **GRANTS** Defendants unopposed Motion for Leave to File and **DENIES** Defendant's Motion for Judgment on the Pleadings Based on Non-Survivability of the Remaining Claims.

### II. Background

Nall sued his former employer, BNSF, in October 2014 alleging disability discrimination under Chapter 21 of the Texas Labor Code—Texas Commission on Human Rights Act ("TCHRA") and under the Americans with Disabilities Act ("ADA") amongst other claims that have been previously dismissed. *See* TEX. LAB. CODE. § 21.125; 42 U.S.C. 12101. Though Nall had Parkinson's disease, his doctor cleared him for work. After returning from medical leave, he was determined ineligible to continue working as a trainman after BNSF conducted medical

1

evaluations. Nall recently passed away for reasons unrelated to his Parkinson's diagnosis, and his wife was substituted as Plaintiff as a representative of his estate [ECF No. 93; ECF No. 86, Ex. C]. After the substitution, BNSF moved for a Judgment on the Pleadings for both the TCHRA and ADA claims, asserting that the claims do not survive Nall's death [ECF No. 85].

Although the Nalls originally brought several claims, the only remaining issues before this Court on remand are Nall's TCHRA and ADA claims. Additionally, while this issue was not raised in the briefing, the Court notes that Flora Nall does not have her own standalone cause of action before the Court.[1] Flora Nall appears before this Court solely as a representative of Nall's estate for his two remaining claims.

### III. Applicable Law

The law surrounding the survivability of causes of action under the TCHRA and ADA is not clear in either federal or state courts. Neither the TCHRA nor ADA provide statutory guidance on the survival of a deceased plaintiff's cause of action. Although somewhat murky, the weight of authority of relevant case law indicates that Nall's disability discrimination claims under the TCHRA and ADA should survive under the Texas Survival Statute and under federal common law for the reasons explained below.

*A. Texas State Law: TCHRA Claim*

Under common law, a plaintiff's death terminated his or her claim. *Robertson v. Wegmann*, 436 U.S. 584, 589 (1978). In Texas, however, the Legislature adopted the Texas Survival Statute that superseded the common-law rule in specific causes of action. Tex. Civ. Prac. & Rem. Code Ann. § 71.021 (1985). Under this statute, a plaintiff's claim survives if it is a "personal injury to

---

[1] Flora Nall had been included as a plaintiff in her own right both in the Original and First Amended Complaint, the latter of which is still the live complaint [ECF No. 15]. In the latter, she only sought relief under the ERISA-based causes of action. They were dismissed and are no longer at issue [ECF No. 35; ECF No. 36]. Therefore, her current claims are only those that belonged to Michael Nall—if they survive his death.

the health, reputation, or person of an injured person." *Id.* One objective under the TCHRA is to "secure for persons in this state, including persons with disabilities, freedom from discrimination in certain employment transactions, in order to protect their personal dignity[.]" Tex. Lab. Code § 21.001(4). The TCHRA does not indicate if causes of action arising specifically under its provisions survive a plaintiff's death.

Nall's TCHRA cause of action arises under Texas law, and the Court accordingly looks to the Texas Survival Statute in its analysis. The Supreme Court held that when federal law is silent, the Court may adopt state survival statutes if it is not "inconsistent with the Constitution and the laws of the United States." *Robertson*, 436 U.S. at 589–90. The Fifth Circuit has not specifically addressed whether a TCHRA claim falls within the Texas Survival Statute. As there is no case deciding the issue, the parties have directed the Court's attention to cases involving the application of state survival statutes to allegedly analogous causes of action.

For example, a court in the Southern District of Texas has held that a Title VII racial discrimination cause of action did survive the plaintiff's death under the Texas Survival Statute in *Hamilton v. Rogers*. 573 F. Supp. 454 (S.D. Tex. 1983). In *Hamilton*, the plaintiff died after filing a Title VII claim alleging "mental and emotional distress," "high blood pressure[,] and other health problems." *Id.* at 453. The Court looked to the Texas Survival Statute and adhered to the Supreme Court of Texas' construction in *Vassallo v. Nederl-Amerik Stooms Maats Holland*, where that court provided a liberal construction of the survival statute and dictated that its ultimate purpose was for "any cause of action . . . [to] not be abated by death." *Id.* at 454 (quoting 344 S.W.2d 421, 426 (Tex. 1961)). The Court finds this opinion instructive for the case at hand.

Nevertheless, BNSF asks the Court instead to follow the reasoning in the Fifth Circuit's decision in *Plumley v. Landmark Chevrolet, Inc.* and find that Nall's TCHRA claim does not fall

within the Texas Survival Statute. 122 F.3d 308 (5th Cir. 1997). BNSF argues that Nall's claim is more analogous to the claim in *Plumley*, in which the plaintiff died after bringing an intentional infliction of emotional distress ("IIED") claim. *Id.* at 309-310. In that case, the Fifth Circuit held that the claim did not fall within the Texas Survival Statute's scope of an injury to health, reputation, or body. *Id.* at 311. BNSF also points to a similar ruling in *Andrade v. Chojnacki*. 65 F. Supp. 2d 431 (W.D. Tex. 1999). In *Andrade*, the Western District of Texas held that plaintiffs' *Bivens*, § 1983, § 1985, and state law causes of action under were not recoverable under the Texas Survival Statute because the claims were "based upon purely mental or emotional injury . . . [,]" citing *Plumley*. *Id.* at 448. BNSF stresses that Nall's TCHRA claim is solely a mental or emotional injury, however. These decisions do not directly establish whether disability discrimination claims should be treated in the same manner as an IIED claim or *Bivens*, § 1983, and § 1985 civil rights causes of action. While these claims can be similar, the Fifth Circuit has not indicated that IIED and disability discrimination claims should be treated alike.[2]

Like the federal courts, Texas courts have also not specifically addressed whether a TCHRA claim survives a plaintiff's death under the Texas Survival Statute. Texas courts, however, have consistently held that similar causes of action survive after a plaintiff's death under the statute.

In *Cortez ex rel. Estate of Puentes v. HCCL-San Antonio, Inc.*, the Court of Appeals held that the plaintiff's IIED claim was recoverable under the Texas Survival Statute because state precedent recognized mental anguish as recoverable. 131 S.E.3d 113, 120 (Tex. App.–San Antonio

---

[2] The Court notes that IIED claims can be dismissed if the facts supporting the claim are the same facts used for discrimination claims under the ADA and TCHRA. *Williamson v. American National Ins. Co.*, 695 F. Supp. 2d 431, 457 (S.D. Tex. 2010) (citing *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 446–47 (Tex. 2004)). The Supreme Court stated that an IIED cause of action was "a gap-filler tort," and "[w]here the gravamen of a plaintiff's complaint is really another tort, [IIED] should not be available." *Hoffman-La Roche*, 144 S.W.3d at 447. Mr. Nall, however, did not bring an IIED cause of action in conjunction with his discrimination claims.

4

2004), *aff'd*, 159 S.W.3d 87 (Tex. 2009). Further, in *Upton Cty., Tex. v. Brown*, the Court of Appeals held that the plaintiff's "whistleblowing" cause of action was recoverable under the Texas Survival Statute. 960 S.W.2d 808, 816 (Tex. App.—El Paso 1970, no pet.). There, the plaintiff filed suit against his former employer alleging violations of the Texas Whistleblower Act, and then died. *Id.* at 811–12. The court utilized an expansive interpretation of the statute's phrasing of "personal injury to the health, reputation, or person," analogized a whistleblowing claim to the injuries contemplated in the Texas Survival Statute, and held that the cause of action was recoverable. *Id.* at 816–17.

Texas courts have consistently construed the Texas Survival Statute broadly and seem willing to encompass a broad range of causes of action and have often done so without providing an in-depth explanation as to why the causes of action are an injury to the health, reputation, or body. Therefore, the Court is persuaded that Texas courts applying this Texas statute would find Nall's TCHRA claim to be covered and thus survive. Further, the survival of Nall's claim directly coincides with the purpose of the TCHRA. As such, the weight of authority indicates that the TCHRA claim should survive Nall's death.

### B. Texas State Law and Federal Common Law: ADA Claim

The Court now turns to whether Nall's ADA claim survives his death. Like the TCHRA, the ADA does not indicate whether a plaintiff's cause of action survives after death. When a federal statute does not supply an answer, such as the survivability of a plaintiff's ADA cause of action, courts often need to decide whether to apply the forum states' laws or federal common law. *Tex. Indus., Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 640–41 (1981).

A relevant federal statute, 42 U.S.C. § 1988, suggests that in "[p]roceedings in vindication of civil rights[,]" courts should apply state law where federal law is silent. This Court has already

outlined in the previous section why Texas case law weighs in favor of the survivability of claims like Nall's ADA claim and need not repeat those reasons here. Surprisingly, few federal cases have weighed in on this question, BNSF points to a Supreme Court case that it argues should abate Nall's claim. In *Robertson v. Wegmann*, the Court applied the forum state of Louisiana's survival statute to the plaintiff's § 1983 claim because there was no federal survival statute or relevant provision in § 1983. 436 U.S. 584, 594 (1978). Under the Louisiana statute, the plaintiff's particular cause of action did not survive. The Court applied Louisiana's survival statute because it was not contrary to the federal civil rights statute's policy of providing monetary relief to those whose rights were violated. *Id.* at 590–93. Moreover, the application of a state survival statute is not dependent on whether causes of action survive. *Id.* at 593. Therefore, the Court applied the state survival statute to the plaintiff's civil rights claim, which ultimately caused the plaintiff's claim to abate. *Id.* at 594–95. BNSF argues that Nall's claim should abate under the Texas Survival Statute as well; however, as previously explained, unlike Louisiana's statute, this Court finds Nall's claim would likely survive under the Texas Survival Statute.

An additional distinction should be noted. Nall's cause of action arises under the ADA and is not a § 1983 civil rights claim as was the case in *Robertson*. While the Supreme Court did not address whether an ADA claim is considered of particular federal interest, an ADA claim does not address "rights or duties of the United States[] or the resolution of interstate controversies." *Nw. Airlines, Inc. v. Transp. Workers Union of Am., AFL-CIO*, 451 U.S. 77, 95 (1981). Therefore, under *Robertson* the Court should apply state law to the ADA claim unless it runs contrary to the federal policy behind the ADA.

While there is no Fifth Circuit opinion directly on point, this Court in its own research found a district court case that addressed this issue. In *Cardella v. CVS Caremark Corp.*, a Northern

6

District of Texas court held that a plaintiff's ADA claim survived his death by applying the Texas Survival Statute. No. 308-CV-1656-M, 2010 WL 1141393, at *1 (N.D. Tex. Mar. 25, 2010). The court expanded on the Fifth Circuit's decisions that applied state laws to other provisions of the ADA and applied state law to the survivability of a plaintiff's ADA claim. *Id.*; *see Frame v. City of Arlington*, 657 F.3d 215, 236–37 (5th Cir. 2011) (holding that Texas's statute of limitations applied to the plaintiff's ADA claim); *see also Rideau v. Keller Indep. Sch. Dist.*, 819 F.3d 155, 161 (5th Cir. 2016) (asserting state law may be applied in the determination of a person's ability to bring an ADA damages claim on behalf of a minor).

The Supreme Court could still apply the forum states' laws even if it were an area of particular federal concern unless the state law runs contrary to the federal statute and the policy behind it. *Boyle v. United Techs. Corp.*, 487 U.S. 500, 507 (1988). Nevertheless, the applicability of Texas's survival statute is such an area where federal common law can inform the Court's decision. While there is "'no federal general common law[,]'" infrequently, courts may need to create federal common law in certain instances. *Tex. Indus., Inc.*, 451 U.S. at 640. The Supreme Court is reserved in its application of federal common law and only does so in particular areas of federal interest and when Congress allows the courts to do so. *Id.* Areas of federal interest include "the definition of rights or duties of the United States[] or the resolution of interstate controversies." *Nw. Airlines, Inc.*, 451 U.S. at 95. The Court notes that the weight of federal common law in this area also suggests that the claim survives.

Some circuit courts assert that federal common law should apply to the survivability of ADA claims. *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1057 (9th Cir. 2018). For example, in *Guenther v. Griffin Construction Co., Inc.*, the Eighth Circuit held that federal common law applied to the survivability of the plaintiff's ADA claim. 846 F.3d 979, 986 (8th Cir. 2017). The

Court reasoned that application of state survival statutes was contrary to the ADA's policy because some state statutes allowed survivability while others did not. *Id.* at 983–84. Therefore, the Eighth Circuit applied a uniform federal common law that allowed the plaintiff's claim to survive. *Id.* at 986. Some circuits have held that federal common law allows for the survivability of the plaintiff's remedial, not penal, claims after death. *See Wheeler*, 894 F.3d at 1056–57 (applying federal common law to the survivability of the plaintiff's ADA claim because "the purposes of the ADA . . . are remedial").

Admittedly, neither state not federal precedent is abundant. Nevertheless, this Court holds that Nall's ADA claim survives if it looks to either the Texas Survival Statute (as interpreted by state or federal courts) or federal common law. Since the weight of authority weighs in favor of this outcome regardless of the source of governing law, the Court will not abate Nall's remaining two (TCHRA and ADA) causes of action.

## IV. Conclusion

For the foregoing reasons, it is hereby **ORDERED** that Defendants unopposed Motion for Leave to File is **GRANTED** and Defendant's Motion for Judgment on the Pleadings is **DENIED**.

**SIGNED** at Houston, Texas, this 28 day of June, 2019.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE

8